## In re CHALFEN.

### (District Court, D. Massachusetts. March 27, 1915.)

### No. 20990.

BANKRUPTCY ⚙═92—DISMISSAL OF INVOLUNTARY PETITION—"WANT OF PROSECUTION"—"CONSENT OF PARTIES."

Where counsel for petitioning creditors appear before the referee to whom the petition has been referred for hearing, the mere fact that they fail to produce any evidence in support of the allegations of the petition does not constitute "want of prosecution" or "consent of parties" to a dismissal, within the meaning of Bankr. Act July 1, 1898, c. 541, § 59g, 30 Stat. 561, as amended by Act June 25, 1910, c. 412, § 10, 36 Stat. 841 (Comp. St. 1913, § 9643), which requires notice to all other creditors before dismissal in such case; but where the circumstances warrant an inference that the failure to produce proof may be pursuant to an agreement between petitioners and the bankrupt, the referee should investigate the question before making his report.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 107, 108, 133–136; Dec. Dig. ⚙═92.]

In Bankruptcy. In the matter of Nathan Chalfen, alleged bankrupt. On motion by respondent to dismiss petition. Recommitted to referee for further report.

Stoneman, Gould & Stoneman, of Boston, Mass., for petitioning creditors.

William Charak, of Boston, Mass., for alleged bankrupt.

MORTON, District Judge. This involuntary petition in bankruptcy was, upon the petition and answer, referred to the referee to state the facts upon the question of adjudication. By his report it appears that the matter was set down for hearing before him; that at the time fixed, counsel for the petitioning creditors and for the respondent ap-

peared; that "no proof was offered by the petitioners to sustain the allegations of the petition and it was agreed that they were not sustained"; that "it was further agreed between counsel that, should the petition be dismissed, it should be without costs to the respondent." The referee finds that "the petitioners on hearing have failed to sustain the allegations of the petition," and he "accordingly recommends, all counsel of record assenting thereto, that the petition filed against said respondent be dismissed."

The respondent now moves that the report be confirmed and the petition dismissed. Nobody opposes the motion. The only question is whether, under the circumstances, an order of dismissal can be made without notice to creditors under section 59g. That section provides, in substance, that an involuntary petition shall not be dismissed "for want of prosecution or by consent of parties" until after notice to the creditors, and that the court shall, before entertaining an application for dismissal, require the bankrupt to file a list of his creditors, and cause notice to be sent to them, and delay action a reasonable time to allow them an opportunity to be heard. Where there has been a full hearing on the merits, at which the petitioners have introduced evidence, the provisions of the section in question do not apply. Under such circumstances, if the decision be adverse to the petitioners, the petition is dismissed without notice to creditors who are not parties to the proceedings. In re Everybody's Store, Inc., 207 Fed. 752, 125 C. C. A. 290 (C. C. A., 1st Circuit). Such notice is required only when the petition is dismissed by the petitioners, or for want of prosecution, or by consent of parties. Upon the facts stated in the referee's report, is "want of prosecution" or "consent of parties" to dismissal of the petition shown? "Want of prosecution" is a familiar ground upon which actions at law and suits in equity are dismissed. As there used, it ordinarily signifies a failure to follow up the case, so that by reason of staleness, or of omission to file proper pleadings, it has become subject to dismissal without a hearing on the merits. It seems to me that that is what this expression means in this connection. So construed, the facts in the referee's report do not show a want of prosecution. The petitioning creditors followed up the petition in all formal matters, and when it was set down for hearing duly attended before the referee. They did not offer any evidence; but I do not think that their failure to do so under the circumstances shown was a "want of prosecution" within the act.

The remaining point is whether an order of dismissal based on the referee's report would be "by consent of parties." It appears from the report that counsel for the petitioners agreed that the petition had not been sustained, that counsel for the respondent agreed that no costs should be imposed upon the petitioners if the petition was dismissed, and that counsel for the petitioners assented to the referee's recommendation of dismissal. Whether the recommendation of dismissal is based upon that assent, or upon the failure of proof, is perhaps not altogether clear. The real question, however, is whether what the petitioners did and failed to do before the referee was in pursuance of an agreement between them and the respondent which contemplated

that dismissal of the petition should be procured in that way. If, upon a mere failure of petitioners to produce evidence at a hearing, an order of dismissal may be entered up without notice to other creditors, an easy way will be open to evade the wholesome provisions of section 59g and to trade upon petitions in bankruptcy. See Remington on Bankruptcy (2d Ed.) p. 350. On the other hand, if, at the hearing, the petitioners' failure to produce evidence proceeds from no agreement or collusion with the respondent, the latter is entitled to a finding in his favor; and it does not seem that he ought in such a case to be required to notify his creditors in order to obtain the dismissal of the petition against him which he is of right entitled to. There would be neither want of prosecution nor consent to the dismissal by the petitioners. From such facts as are stated in the referee's report it might be inferred that the petitioners and respondent were acting under an agreement with each other looking to the dismissal of the petition. In such a situation, I think the referee should have investigated the question whether there was any such agreement or understanding between the parties, or any collusion between them, and whether the petitioners have received or will receive, directly or indirectly, any consideration whatever for the dismissal of the petition. As he does not appear to have done so, the matter is recommitted to him for that purpose.