In re UNITED STATES PRODUCTS CORPORATION, LIMITED.

No. 35681–G.

District Court, N. D. California, S. D.

Sept. 22, 1944.

Victor A. Chargin, of San Jose, Cal., and Grant H. Wren and Ernest J. Torregano, both of San Francisco, Cal., for trustees.

Jerome Politzer and Arthur Shapro, both of San Francisco, Cal., for debtor.

Philip S. Ehrlich, of San Francisco, Cal., for creditors' committee.

GOODMAN, District Judge.

Richard Jorgensen, John Doudell and Fred Neuroth, trustees of the above-named bankrupt's estate, and their attorneys Ernest J. Torregano, Grant H. Wren and Victor A. Chargin, heretofore filed herein petitions for trustees' and attorneys' fees. The court referred the petitions to Sidney L. Church, a referee of this court as special master with directions to hear the same and make his recommendations thereon. In due time the special master filed his report. Both the trustees and their attorneys have filed, argued and submitted for decision their exceptions thereto.

The trustees except to the master's report because he recommended denial of additional compensation for their services in allegedly "conducting the business of the bankrupt."[1]

The attorneys except because their claimed compensation for ordinary services was consequently halved due to the recommendation against additional compensation to the trustees.[2]

It is not necessary to consider the exceptors' request for augmentation of the record inasmuch as true copies of the documents demanded to be included in the record have, with consent of all parties, been furnished to the court.

The bankrupt owned a large cannery at San Jose, California. After adjudication, and on June 30, 1943, Jorgensen, Doudell and Neuroth were appointed and qualified as trustees. They promptly, with the approval of the court, appointed Torregano, Wren and Chargin as their attorneys. Lacking the resources to operate the can-

nery, the trustees, with court approval, leased the cannery and its necessary appurtenances on July 8, 1943 to Schuckl & Co., Inc. The lessee has ever since conducted canning operations therein, paying as rental a percentage of gross receipts and also a share of net profits. The arrangement has been profitable to the estate, which received $80,000 the first year. It is agreed it will receive substantially more during the second year of the lease.

The trustees made advantageous sales of other assets of the estate and have generally rendered diligent and valuable services to the estate. The same may be said with respect to the attorneys' services, although, as noted by the master, much of the service rendered by the attorneys properly should have been performed by the trustees.

The trustees were automatically removed on February 24, 1944, upon the appointment by the court and qualification of a trustee in reorganization. 11 U.S.C.A. § 556.

The master reports and finds that the trustees did not in fact "conduct the business" of the bankrupt as provided by 11 U.S.C.A. § 11, sub. a (5) and therefore are not entitled to additional compensation as provided in 11 U.S.C.A. § 76, sub. c (2). With this finding, I am in accord.

By the Statute, 11 U.S.C.A. § 11, sub. a (5), receivers, trustees, and marshals are authorized to conduct the business of bankrupts if necessary in the interests of the estates and by § 76, sub. c (2) additional compensation may be allowed for services so rendered. Such additional compensation may be in such amount as may be allowed by the court, but in no event to exceed twice the maximum allowance permitted by § 76, sub. c (1).

While there is a paucity of published authority as to the legal standards, by which the term "conduct of the bankrupt's business," may be measured, yet experience and the objectives of the Bankruptcy Act furnish adequate criteria.

It is well recognized that speed and economy are prime considerations in bankruptcy administration. Fees may only

---

[1] The trustees were allowed $4,268.53 under 11 U.S.C.A. § 76, sub. c (1) and requested $8,537.06 under 11 U.S.C.A. § 76, sub. c (2).

[2] The attorneys requested $17,074.12 as ordinary compensation but were allowed

$8,537.06 under Rule 11 of the Rules of this Court. The attorneys requested $9000 compensation for extraordinary services and were allowed $7500 and have not excepted to this allowance.

be allowed when specifically authorized by statute or rule. A trustee in one estate may labor extensively while another trustee may find his work comparatively simple, yet the ordinary compensation of both is fixed by the sliding scale of § 76, sub. c (1).

■ However, to conduct the business of the bankrupt, in my opinion, means that the trustee must substantially carry on the day by day, normal activities, which the bankrupt, as a going concern, pursued. The bankrupt here purchased fruit and vegetables, canned and sold them and performed all the intermediate and corollary functions incidental and necessary thereto. This the trustees did not do, neither substantially nor even in minor part. True, the trustees performed some functions of a like character to those making up the normal activities of the bankrupt as a going concern, but what ordinary trustee does not do so? Collection of accounts, sales of assets, matters of insurance, taxes, inventories, investigations, etc., all these are activities required of ordinary trustees. In some estates the services so required are complicated and burdensome. In others, the task is light. But conduct of a going concern is something entirely different. See In re Duke, D.C., 15 F.2d 92.

The master fairly and justly appraised the nature of the trustees' services and I affirm his finding that the trustees did not conduct the business of the bankrupt as purposed in the statute.

■ The trustees contend (exceptions 5, 6, 7) that the master is foreclosed from finding that they did not conduct the business of the bankrupt, because, he as a referee of the court, authorized them, when appointed to conduct the bankrupt's business, and from time to time in subsequent orders, reaffirmed and continued such authority on their part. But authority to perform an act is not equivalent to performance. The statute provides for compensation only for services rendered.

■ The trustees also claim (exception 4) that the master's recommendation is erroneous in that he fails to heed the decision of the Ninth Circuit Court of Appeals, United States v. Metcalfe, 131 F.2d 677, 678. This contention is not meritorious. United States v. Metcalfe was a tax case which arose under a statute affecting tax returns in cases where bankruptcy receivers or trustees "operate *the property or business* of corporations." 26 U.S.C.A.Int.Rev.Code, § 52 (italics supplied). As disclosed in the record on file in the office of the clerk of the Circuit Court of Appeals, it appears that the bankrupt corporation, F. P. Newport Corporation, Limited, was in the real estate business. It was engaged in buying, selling and leasing real property including oil properties. The trustee of the bankrupt corporation continued to deal in the estate's property and, among other transactions, made oil leases. Judge Denman's opinion, reversing the District Court, held that the trustee operated the property of the bankrupt and thus was obligated to pay taxes, which he would not have been required to pay, if he were an ordinary instead of an "operating trustee". Not only is the case not analogous on the facts, but, also as pertinently remarked by the master, tax cases (because of the diversity of statutory objectives) are not authority in bankruptcy administration.

■ Inasmuch as allowance of the additional attorneys' fees requested depends upon the allowance of the additional trustees' compensation, no further comment need be made on that subject.

There is merit to exceptions 8 and 9 (the size of the estate was erroneously considered by the master). However the other reasons supporting the master's recommendations and findings are sufficient.

The attorneys, as shown in the master's report, rendered efficient and able services, but they can only be compensated as authorized by the statute. It is also appropriate to observe, in response to counsel's comment at the hearing that the trustees are business men of repute who gave much of their time to their duties and hence should be adequately compensated, that we are guided by law. Absent satisfactory evidence of conduct of the bankrupt's business, the court has no authority to award one cent more than the statutory ordinary fees.

The report and recommendations of the master are approved in toto and all payments recommended by him to be paid are hereby ordered so paid and disbursed.