384 F.2d 471
 Andrew S. FINE, Trustee under a Deed of Assignment, Appellant,
v.
Jerrold G. WEINBERG, Trustee in Bankruptcy, Appellee.
In the Matter of W. T. BYRNS, INCORPORATED, Bankrupt (two cases).
Louis B. FINE, Appellant,
v.
Jerrold G. WEINBERG, Trustee in Bankruptcy, Appellee.
 Nos. 11088, 11089.
 United States Court of Appeals Fourth Circuit.
 Argued April 7, 1967.
Decided Oct. 11, 1967.
 
 Howard I. Legum, Norfolk, Va. (Fine, Fine, Legum, Schwan & Fine, Norfolk, Va., on brief), for appellants.
 Philip L. Russo, Norfolk, Va., for appellee.
 Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.
 BOREMAN, Circuit Judge:
 
 
 1
 These cases involve questions as to the awarding and denial of fees in a bankruptcy proceeding.
 
 
 2
 W. T. Byrns, Inc., the bankrupt, is a Virginia corporation with its main office in Norfolk. On June 11, 1965, prior to its adjudication as an involuntary bankrupt, W. T. Byrns, Inc., executed a deed of assignment for the benefit of creditors. Louis B. Fine, attorney for the corporation, and a member of the Norfolk law firm of Fine, Fine, Legum, Schwan & Fine, drew the deed of assignment. Named as trustee in that instrument and therein autorized to employ counsel was Andrew S. Fine, a son of Louis B. Fine, and a member of the same Law firm. It is claimed that Andrew S. Fine, as trustee, retained the legal services of his father, Louis B. Fine, and that the Said Louis B. Fine served as attorney for the trustee except in one instance, as hereinafter mentioned.
 
 
 3
 The deed of assignment provided that Andrew S. Fine would receive, as compensation for his services as trustee, a fee of ten percent of the value of the corporation's assets. Pursuant to the instrument, the trustee took possession of the assets, procured fire, theft and liability insurance coverage and mailed appropriate notices to all the creditors of W. T. Byrns, Inc. In addition, the trustee advertised in the Norfolk area the sale of the assets, engaged an auctioneer and conducted a sale at public auction.
 
 
 4
 The sale was to be held on June 24, 1965. On June 23, 1965, several creditors filed a petition praying for the adjudication in bankruptcy of W. T. Byrns, Inc., and for the appointment of a receiver. The attorney for these creditors advised Andrew S. Fine by letter to go ahead with the sale subject to confirmation by the bankurptcy court. The sale was held as advertised and brought the sum of $25,840.53. The bankruptcy court approved the sale on June 30, 1965.
 
 
 5
 Andrew S. Fine claims that during the twelve days he served as trustee under the deed of assignment he consulted at various times with his father, Louis B. Fine, concerning the auction sale and generally concerning the performance of his duties as trustee.
 
 
 6
 Prior to the filing of the petition in bankruptcy a chancery suit was filed in the Circuit Court for the City of Norfolk by the Haycox Construction Company, naming W. T. Byrns, Inc., and Andrew S. Fine, trustee, as defendants. The purpose of the suit was to obtain an injunction prohibiting W. T. Byrns, Inc., from removing material from the site of a construction project, Haycox being the general contractor. Andrew S. Fine, trustee, retained another Norfolk attorney, P. B. White, to defend. We are not concerned here with the disposition of that litigation.
 
 
 7
 When the matter of fees came before the bankruptcy court, both the referee and the District Court refused to allow Andrew S. Fine a fee in the amount provided in the deed of assignment. However, they did award him a fee of $1,000.00 which, in their opinion, represented fair compensation for the services he rendered during his short period of service as trustee. From this decision he appeals, complaining that the fee as allowed, which was only about four percent of the value of the total assets, was unreasonable in light of the services rendered. He contends that he is entitled to the ten percent as provided in the deed of assignment.
 
 
 8
 Louis B. Fine, as attorney for the trustee, also sought a fee for services rendered. The referee denied such fee on the ground that the trustee had retained P. B. White to represent him for all purposes. The District Court acknowledged that White's employment was limited to the state court action and that the referee was in error but denied the allowance of any fee to Louis B. Fine. The court's decision was based in part upon the fact that Louis B. Fine had represented W. T. Byrns, Inc., on prior occasions, the fact that his representation of the trustee under the deed of assignment created the possibility of a conflict of interest and the fact that an obvious conflict of interest had developed in the bankruptcy proceedings.[1]
 
 
 9
 The conflict, to which the District Court alluded, arose when it was discovered that W. T. Byrns, the president and sole shareholder of the bankrupt corporation, had withdrawn $7,588.08 from the corporate bank account immediately prior to the execution of the assignment for benefit of creditors. On April 27, 1966, after Byrns had been served with a show cause order and after a hearing, he was ordered to turn over to the trustee in bankruptcy the sum of money he had withdrawn. However, the court found that there was not sufficient time between the date of the deed of assignment and the date of the involuntary petition in bankruptcy within which Louis B. Fine could reasonably have been expected to discover that Byrns had made this withdrawal. It was further found that when this conflict was discovered Louis B. Fine, and his firm, did withdraw as counsel for the bankrupt corporation and W. T. Byrns individually. Louis B. Fine appeals from the disallowance of a fee as attorney for the trustee, contending that he violated no ethical standard by serving in that capacity and that he avoided any real conflict of interest.
 
 
 10
 In bankruptcy proceedings the referee and the District Court, in the exercise of their equity powers, have discretion to allow reasonable fees to persons claiming to have rendered services. The basis for permitting fees to an assignee-trustee in an assignment for the benefit of creditors is based on the equitable principle that services beneficial to a fund brought into a bankruptcy court should be compensated out of the fund. Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903); Flaxman v. Gardner, 353 F.2d 764 (9 Cir. 1966); In re Marks, 267 F.2d 108 (7 Cir. 1959); In re Paramount Merrick, Inc., 252 F.2d 482 (2 Cir. 1958); 9 Am.Jur.2d Bankruptcy 1021, pp. 766-767. Determination of the amount of such fee lies within the sound discretion of the referee and the District Court, and state practice is not controlling. In re Paramount Merrick, Inc., 252 F.2d, supra at 484.
 
 
 11
 In the instant case the trustee-assignee under the deed of assignment had not completed his services because of the superseding petition and proceedings in bankruptcy. Therefore, the fact that the deed of assignment provided that he receive a ten percent fee is not controlling here. He was entitled to a reasonable fee for his services rendered. We cannot say that the amount of the fee awarded by the referee and the District Court to the trustee was an abuse of their equity powers or unreasonable under the circumstances. We affirm in No. 11,088.
 
 
 12
 The question of whether Louis B. Fine is entitled to a fee is also governed by the equitable principle that one who renders services beneficial to a fund brought into a bankruptcy court is entitled to be compensated out of such fund. It is claimed by Louis B. Fine that he rendered services as attorney for his son, the trustee under the deed of assignment; that the trustee consulted with him and obtained his advice concerning creditors' claims and their validity, concerning various accounts and as to continuing operation of the business pending the sale of the assets.[2] It is undisputed that through the efforts of the assignee-trustee in preserving the assets and conducting an auction sale a fund of over $25,000.00 was realized. However, for the reasons hereinbefore stated, the District Court refused to allow any fee to Louis B. Fine as attorney for the trustee and in reaching its decision assumed, without deciding, that the attorney had performed 'beneficial services' for the trustee.
 
 
 13
 Counsel for the trustee in bankruptcy points to Canon 6 of the American Bar Association Canons of Professional Ethics which provides:
 
 
 14
 'It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.'
 
 
 15
 We accept and fully approve the teaching of Canon 6, yet we think it of doubtful application here. Louis B. Fine did not place himself in a position of conflict between the corporation and the creditors under the deed of assignment. When the possibility of conflict grew into reality he promptly withdrew his own and his firm's representation of any conflicting interest.
 
 
 16
 In their brief, counsel for Louis B. Fine rely strongly upon the opinion of Mr. Henry S. Drinker, a recognized authority on professional ethics and grievances, who is quoted as stating that 'the lawyer for a debtor may act as assignee or as the attorney for the assignee for the benefit of creditors.'
 
 
 17
 We reach the conclusion that if Louis B. Fine rendered services which ultimately accrued to the benefit of the bankrupt estate equitable considerations demand that he be paid a reasonable fee for such efforts. He was not personally responsible for the conflict of interest which arose and, upon its discivery, he promptly acted to eliminate it. However, we offer the comment that, ordinarily, when a lawyer is acting as a trustee he is not expected to incur additional expense by consultations with and seeking advice from another member of his law firm.
 
 
 18
 As hereinbefore stated, the court below assumed, without deciding, that attorney Louis B. Fine had performed 'beneficial services' for the trustee. But the court, having examined Louis B. Fine's petition for the allowance of fees to which was attached a copy of the trustee's request for an allowance, made the observation that there was 'an obvious duplication of services.'[3] ] The court seemingly was of the opinion that Louis B. Fine was seeking fees for services which actually had been rendered by Andrew S. Fine as trustee and which were included in the trustee's award of compensation.
 
 
 19
 Under the circumstances the decision below in 11,089 is reversed and the matter is remanded with directions: (1) To ascertain what, if any, services were actually rendered by Louis B. Fine as attorney for the trustee which were not considered and for which no allowance was made in fixing the trustee's compensation; (2) to determine the reasonable value of any such services rendered by Louis B. Fine and, (3) to provide for the payment of a reasonable fee to Louis B. Fine for such services out of the bankrupt's estate.
 
 
 20
 No. 11,088 affirmed; No. 11,089 reversed and remanded with directions.
 
 
 
 [1]
 In a Memorandum Order the District Court stated the question presented in No. 11,089 to be as follows:
 'May an attorney who is in law partnership with his father, and who is serving as sole trustee under a deed of assignment, retain the legal services of the father as attorney for the trustee under the deed of assignment, where the father also represents the grantor corporation and its president, which corporation subsequently was adjudicated a bankrupt on an involuntary petition filed by certain creditors, and should the bankruptcy court allow any compensation for services performed by the father for the trustee under said deed of assignment?' The Court held that 'Legally, at least, the father who represented the assignor corporation and its president could not advise his son whose primary legal interest was in representing the assignor's creditors'; that the referee correctly refused to consider any claim for compensation in behalf of the father as attorney for his son, the trustee in the deed of assignment.
 
 
 [2]
 The petition for an allowance for services rendered by Louis B. Fine to his son, the trustee under the deed of assignment, asks the sum of $5,000.00 'or such an amount as the Court may deem proper.' The court below observed that attached to Louis B. Fine's petition for fees was a Xerox copy of a request for an allowance by the trustee and stated: 'There is an obvious duplication of services.'
 
 
 [3]
 See footnote 2, supra