In the Matter of Stanley Seidel McCAR-
TY, d/b/a White Auto Store, Bank-
rupt, Petitioner-Appellant,

v.

The SMALL BUSINESS ADMINISTRA-
TION, etc., Respondent-Appellee.

No. 28457

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1970.

Jack B. Weldy, Zachary, Weldy & Ingram, Hattiesburg, Miss., for petitioner-appellant.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

**944**

PER CURIAM:

█ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See 5th Cir. R. 18; Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

█ The district judge below approved and adopted the order of the Referee in Bankruptcy denying Stanley McCarty's discharge in bankruptcy. In an earlier successful loan application to the Small Business Administration, McCarty had failed to list among his liabilities a debt owed to his brother. His bankruptcy petition listed the debt as predating the loan application. The referee concluded and the district court agreed that the omission amounted to a materially false statement under § 14(c) (3) of the Bankruptcy Act, 11 U.S.C. § 32(c) (3) (1964).[1] On appeal, McCarty argues that the Referee failed to make a necessary finding of intent to defraud and that the SBA failed to meet the burden of proof necessary to support the denial of a discharge.

In a very similar case, this Court upheld the actions of a district court "on the basis of its [the district court's] opinion". Sellers v. Small Business Ad-ministration, 5 Cir. 1969, 407 F.2d 402, aff'g Matter of Sellers, 295 F.Supp. 1354 (S.D.Tex.1968). The district court had ruled that once the Government had proved "the existence of debts owed by the bankrupt not listed on the financial statement submitted to the S.B.A., certainly the Referee had reasonable grounds for believing that the acts charged in the specification had been committed. Hence, at this stage, the burden of proof rested with the bankrupt." 295 F.Supp. at 1356. The district court proceeded to affirm the denial of a discharge because the bankrupt's evidence was "insufficient to establish the absence of an intent to deceive". 295 F.Supp. at 1357.

In McCarty's case, the Referee found that McCarty knew that he owed his brother a debt of $14,180 that he had not divulged to the S.B.A., and that the justification he offered—that he had the option to consider the debt as either a gift or a loan—was "implausible". The district court found that the record supported the Referee's conclusions. In our posture as a reviewing court, we do not find these findings "clearly erroneous". Fed.R.Civ.P. 52(a). The proof below amply meets the standards set out in Sellers.

We affirm the judgment of the district court.

1. 11 U.S.C. § 32(c) (3) (1964):
   The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation; * * * Provided, that if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt.