In the Matter of **ORBIT LIQUOR STORE and Orbit Beer and Wine Package Store.**

**Mrs. Pitsa SOTERES, Mr. James P. Soteres, Mr. William T. Crain, Appellants,**

v.

**Frank W. SCROGGINS, as Receiver, Trustee, and Attorney for Trustee in Bankruptcy,**

**A. Mims Wilkinson, Jr., as Attorney for Bankrupt, Appellees.**

No. 30756.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 15, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al. 5 Cir. 1970, 431 F.2d 409, Part I.

Aaron Baranan, Atlanta, Ga., for appellants.

Frank W. Scroggins, pro se; A. Mims Wilkinson, Jr., pro se and Wilkinson & Nance, Atlanta, Ga., of counsel for appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

In this bankruptcy case the net estate amounted to about $46,000. The principal creditors object to the award of fees of about $8,000 to Frank W. Scroggins who served as Receiver, Trustee and Attorney for himself as Trustee. They object also to fees of $2,000 awarded to A. Mims Wilkinson, Jr., for filing the bankruptcy petition and for alleged extraordinary services to the bankrupts. We remand the case for a hearing and findings that will support fair and reasonable fees to Mr. Scroggins and Mr. Wilkinson.

Mr. and Mrs. James P. Soteres made the mistake of lending $40,000 to Mrs. Soteres's sister, Mrs. Kiki Kazakos, and her husband, John Kazakos, to enable the Kazakos' to engage in the liquor business. They did so as a partnership under the names of Orbit Liquor Store and Orbit Beer and Wine Package Store (Orbit). Repayments were slow, disputes

arose, disputes followed disputes. Mrs. Soteres attached part of the liquor stock. Then Mr. Soteres filed two suits against Orbit and the Kazakos'; one of these went to a default judgment and a garnishment followed.

Wilkinson, attorney for the debtors, filed voluntary petitions in bankruptcy April 30, 1969, for the Kazakos' individually and as members of the partnership doing business as Orbit. Scroggins was appointed Receiver May 1. After taking inventory, May 5 he reopened the liquor store. As he pointed out in his report to the creditors, Scroggins thought

> that the best interest of the estate would be served by operating the store with the hope that the trustee could sell it as a going business.

May 21 Scroggins was appointed Trustee at a meeting of the creditors. May 31 the store was closed permanently. June 16 Scroggins received an offer to buy the business and its assets. July 15 the sale was confirmed. The total net assets available for distribution at the end of the proceedings amounted to $45,985.

The referee awarded Scroggins $1,199.70 for serving as receiver from May 1 to May 21; $1,749.70 for serving as Trustee from May 21; and $5,000 for acting as attorney for the trustee. Thus Scroggin's attorney's fees amounted to approximately 11% of the estate and his total fees for his activities in all three capacities amounted to more than 17% of the estate.

The referee awarded Wilkinson, attorney for the bankrupts, $2,000 for his services in filing the petition for bankruptcy and appointment of a receiver and for alleged extraordinary services to the bankrupt estate. This was in addition to recognition of his claim for previous services as attorney for the debtors.

These awards raise the question whether the referee failed to act in accordance with the prescription that "the Bankruptcy Act is meant to be an act for the relief of debtors rather than an act for the relief of attorneys and court officers." Collier, Bankruptcy Vol. 3, 62.05[1] p. 1429. It is impossible to answer this question definitively on appeal because of the ambiguous itemizations of time spent by attorneys and the failure of the referee to make meaningful findings of fact in support of his awards.

This appeal raises the following issues.

(1) The appellants, the creditors, argue that 18 U.S.C. 3006A of the Criminal Justice Act of 1964, which authorizes specific fees for attorneys appointed to represent indigent criminal defendants, should be taken as amending 11 U.S.C. § 76a authorizing discretionary attorney's fees in bankruptcy proceedings. This argument is too frivolous for discussion.

(2) The appellants contest the awards of attorney's fees to A. Mims Wilkinson. Wilkinson was attorney for the bankrupt. He also had a claim of his own against the estate growing out of past legal services, and he represented another creditor of the estate (Smith). The referee awarded him $500 for drawing up the petition for voluntary bankruptcy and appointment of a receiver and $1500 as attorney for the bankrupt. Wilkinson did not itemize the time supporting either award. The district court remanded the $1500 award to the referee for Wilkinson to submit an itemization of time and for the referee to make supplementary findings regarding the nature of the services performed by Wilkinson. Wilkinson itemized his claim, but the referee failed to make any findings as directed, simply reawarding $1500. Nevertheless, the district court affirmed the award as within the referee's discretion.

The award of $500 for filing the petition for bankruptcy and appointment of a receiver is invalid because Wilkinson failed to itemize his claim. The award of $1500 is invalid because on remand Wilkinson's showing was insufficient to support the compensability of his services and the referee failed to make any finding as to the nature of the compensable services. The itemization offered by Wilkinson indicates that much

of the time was spent in services that were not properly compensable out of the estate. *See* In re Progress Lektro Shave Corp., 2 Cir. 1941, 117 F.2d 602; Collier, Bankruptcy Vol. 3, 62.31. Such activities would be noncompensable if they were done to protect the interests of Wilkinson and Smith as creditors or if, though beneficial to the estate, they were unauthorized, volunteer services, duplicating the duties of the trustee and attorney for the trustee. Also, legal services designed to benefit the bankrupt personally may not be compensable out of the estate. *See, e. g.* In re Eastwood, D.Or. 1965, 239 F.Supp. 847.

On remand, after a detailed itemization by Wilkinson indicating the purpose to which the services were directed, the referee shall make findings as to which of the services are compensable and to what proper purpose they were directed.

(3) The appellants attack the award of attorney's fees to Scroggins. In addition to serving as receiver and trustee—receiving the maximum statutory fee for his service in each capacity—Scroggins served as attorney for the trustee. He submitted a time record in support of his claim for attorney's fees. The referee awarded him $5,000. Appellants allege that much of the time itemized in support of Scroggins's claim was spent on duties that were to be performed by the receiver or trustee. To award him attorney's fees for this time would result in paying him twice. Appellants also argue that some of the time entries relate to work done before Scroggins's appointment as attorney for the trustee. It is obvious from the time record that both these allegations are true. The district court recognized the confusion of function, but refused to remand on the ground that time was not the only factor to be considered in determining attorney's fees.

While we agree that time is not the only factor, we think that there is a serious problem when one person acts as trustee and attorney and fails to distinguish in his claim for fees those tasks that are properly the tasks of an attorney. *See* Fine v. Weinberg, 4 Cir. 1967, 384 F.2d 471; In re General Economics Corp., 2 Cir. 1966, 360 F.2d 762; Finn v. Childs Co., 2 Cir. 1950, 181 F.2d 431; In re National Accessories, Inc., D.Neb. 1936, 13 F.Supp. 278, 281. An independent trustee, who would be charged with protecting the interests of the estate, is not present to check on the amount of time spent by the attorney and to see that the attorney is paid only for attorney's work necessary for the benefit of the estate. We do not see how the referee can decide or how an appellate court can review the referee's award without an accurate record of the time spent by the attorney.

▮ Where a trustee also serves as attorney and his award of attorney's fees is challenged, we think he must present a time sheet showing only his attorney's activities. If his characterization of his efforts as those of an attorney—as opposed to those properly performed by the trustee—is challenged, the referee should make findings as to the proper characterization of the contested items. If the referee bases his award on factors other than the time spent and his award is challenged, he must indicate the basis for such an award. See General Order 37 and F.R.C.P. 52. Such a rule is consistent with the requirement that the trustee protect the resources of the estate in his keeping. As the Fourth Circuit said in a somewhat similar situation,

> * * * ordinarily, when a lawyer is acting as a trustee he is not expected to incur additional expense by consultations with and seeking advice from another member of his law firm.

Fine v. Weinberg, supra at 474.

▮ Additionally, the referee should not take into consideration any work done by Scroggins before the court's authorization of his acting in the attorney capacity. *See* Beecher v. Leavenworth State Bank, 9 Cir. 1950, 184 F.2d 498.

(4) Since this case is to be remanded, we consider another issue even though it was not raised below. The appellants contest the right of Scroggins to receive

both as trustee and as receiver the double fees provided under 11 U.S.C. § 76 only when the officer conducts the business of the bankrupt.

The referee on remand should consider whether the services rendered meet the standard elaborated in the few cases interpreting the requirement:

> \* \* \* to conduct the business of the bankrupt, in my opinion, means that the trustee must substantially carry on the day by day, normal activities, which the bankrupt, as a going concern, pursued.

In re United States Products Corp., N.D. Cal.1944, 57 F.Supp. 239. *See* In re Duke, E.D.Mo.1924, 15 F.2d 92.

In determining this question the referee should take into consideration the following factors: (1) the length of time that the store was open; (2) that the only purchase of new stock was a small acquisition of beer; (3) that the clear purpose of keeping the store open for business was to be able to sell the store as a going concern, with no expectation of being able to pay off the debts by running the store. The trustee himself pointed out at a hearing that the store was losing money and that it should not be kept open for long, but that keeping it open for a period of two weks would assist in selling it as a going business. That the court had authorized Scroggins to conduct the business of the bankrupt is not sufficient. The statutory compensation is dependent on actual services rendered. In re United States Products Corp., supra.

On remand the court should also consider whether it is an abuse of discretion to award maximum fees allowable under the statute for serving as receiver for three weeks. Additionally, it should consider the appellants' challenge to whether certain amounts should be included in the net assets turned over by the receiver to the trustee, for purposes of determining the percentage award of the receiver.

These awards are vacated and the case is remanded to the referee for further proceedings consistent with this opinion.