**In the Matter of Kenneth Thomas WILLIAMS, Bankrupt, Appellant,**

v.

**Jack WIRT, Trustee, et al., Appellees.**

**No. 30547.**

United States Court of Appeals, Fifth Circuit.

May 5, 1971.

Robert Golden, George Cheren, Miami, Fla., for appellant.

Paul G. Hyman, Manuel Zaiac, Miami, Fla., for appellees.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

This bankruptcy case is before us the second time, our previous opinion having been reported at 423 F.2d 761. The present case grows out of a petition by the sole creditor, Raphu S. Williams, brother of the bankrupt, entitled "Petition for Further Relief," in which the sole creditor principally sought an order

from the District Judge "that the bankrupt be required to adhere to his stipulation made in open court and that he be required to pay forthwith all sums due to sole creditor."

A hearing was duly held on June 15, 1970, and the District Judge entered his order on July 6, 1970, in which he found, as a fact, that the bankrupt, through counsel, agreed in open court at a hearing on February 16, 1970 (erroneously stated by the Court to be January 15, 1970), to pay to Raphu Williams all sums owed to him by the bankrupt within 90 days from date, and that such payment had not been made by the bankrupt to Raphu Williams. Accordingly, after making his findings of fact, the District Judge ordered that the proceedings be remanded to the Referee "for determination of the amount of the debt owed by the bankrupt to Raphu Williams that was to be paid by stipulation."

We have carefully reviewed the pertinent portions of the transcript of the proceedings held in the District Court. The sole question which the District Judge had to determine was whether the bankrupt, through counsel, had made an unconditional offer to pay his brother and sole creditor, Raphu Williams, the amount due him. The bankrupt contends the offer was not unconditional and was not accepted by the sole creditor.

Though the question is not without some doubt in our minds, our review of the record does not convince us that the holding of the District Judge who heard the witnesses and statements of counsel in the hearings referred to, is clearly erroneous. This being true, we are required to affirm the order under Rule 52(a), Fed.R.Civ.P.

Affirmed.