**TMT TRAILER FERRY, INC., et al., Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., Appellants,**

v.

**Thomas J. KIRKLAND, Trustee, et al., Appellees.**

No. 71–2953.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1972.

Irma S. Mason, Washington, D. C., Irwin L. Langbein, West Palm Beach, Fla., for appellants.

Irving M. Wolff, Miami, Fla., Ronald J. Offenkrantz, M. James Spitzer, New York City, Jackson Peters, Miami, Fla., for appellees.

Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

This is another of the numerous appeals which this panel of the Court has considered in this long-lasting and, hopefully, about-to-be-ended bankruptcy.

When the Supreme Court rejected the settlement and remanded this case in connection with the present Shaffer-Spitzer (Caplan mortgage) claim, it did so with the comment in its opinion (by Justice White): "The record before us leaves us completely uninformed as to whether the trial court ever evaluated the merits of the causes of actions held by the debtor, the prospects and problems of litigating those claims, or the fairness of the terms of compromise. More than this, the record is devoid of facts which would have permitted a reasoned judgment that the claims of actions should be settled in this fashion." Protective Com. v. Anderson, 390 U.S. 414, 440–441, 88 S.Ct. 1157, 1171, 20 L. Ed.2d 1 (1968).

Accordingly, the District Court set about to comply with the Supreme Court decision and lengthy hearings were held before a Special Master resulting in a record of more than 4,000 pages of testimony and several hundred exhibits. The procedures for the hearings before

the Special Master were established by the Trial Judge as well as the order of proof to be followed. All parties and their counsel attended the hearings, including counsel for the Protective Committee who raised numerous objections thereto and the Committee has now appealed from the order of the Trial Judge approving the settlement of the Shaffer-Spitzer claim.

In a lengthy opinion (more than 60 pages), the District Judge has carefully considered all of the facts relating to the claim, the objections and contentions of the parties, and has finally concluded that the proposed compromise of the claim be approved.

Appellant, Protective Committee, contends on appeal that the settlement of this major secured claim is unfair to the bankruptcy estate and the stockholders, and that it is not as good a settlement as that which was set aside by the Supreme Court when it remanded this case for further proceedings.

The District Judge has had an opportunity to evaluate all of the contentions made by the parties and has thoroughly scrutinized all of the evidence. After a thorough discussion of the evidence, the Trial Court stated that it considered itself "to be fully informed and fully knowledgeable concerning the facts and the law raised by the issues involved in the compromise of the Shaffer-Spitzer mortgage claim" and further that the compromise "is completely fair and equitable and in the best interests of the estate, because it will terminate appellate litigation and a secured interest clouding the title of assets in the possession of the Trustee, eliminate litigation that not only will be of long duration, but will involve considerable expense, and it will enable the evaluation of the estate to be made on bases which are more certain, rather than conjectural as to minimum and ultimate exposures which the estate could possibly be faced with."

We are unable to say, after careful examination of the District Judge's find-ings, that they are not fully supported by substantial evidence, nor can we say that they are clearly erroneous. (See Rule 52, Fed.R.Civ.P.) To the contrary, we believe they are correct and that approval of the compromise settlement of this major secured claim was proper under the circumstances; further, that the Trial Court has now fully complied with the mandate of the Supreme Court as stated in its opinion.

Affirmed.