In the Matter of Jimmy HUNT, d/b/a Speed Equipment World of Dallas #1 and Speed Equipment World of South Oak Cliff, Bankrupt.

SPEED EQUIPMENT WORLDS OF AMERICA, INC., et al., Appellants,

v.

Jimmy HUNT, d/b/a Speed Equipment World of Dallas #1, et al., Appellees.

No. 73-3447.

United States Court of Appeals, Fifth Circuit.

June 27, 1974.

Rehearing and Rehearing En Banc Denied Oct. 7, 1974.

Vernon O. Teofan, Arthur I. Ungerman, Dallas, Tex., for appellants.

Waylon E. McMullen, Harold C. Abramson, Paul Shoop, Dallas, Tex., for appellees.

Before WISDOM, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Speed Equipment Worlds of America (SEW), one of the appellants here, is a franchisor of "speed shops," which supply automobile accessories to private individuals in retail establishments. Appellee Jimmy Hunt operated two of these franchises until February 18, 1973, when he closed down and vacated the two stores and removed the inventory to a warehouse. On February 22, 1973, appellant SEW and the four other appellants, as petitioning creditors, filed an involuntary petition in bankruptcy

against appellee Hunt, praying that Hunt be duly adjudged a bankrupt under the provisions of the Bankruptcy Act, 11 U.S.C. § 1 et seq. On February 23, 1973, the proceeding was referred to a referee, and on March 5, 1973, Hunt filed an answer, which, in essence, denied insolvency and the commission of acts of bankruptcy and demanded a jury trial. Hunt also filed a motion to dismiss in which it was asserted that the bankruptcy petition was brought in bad faith. After appellants filed their reply, the motion to dismiss was heard and denied by the referee. The proceeding was thereafter returned to the district court for jury trial.

Before a jury trial was commenced, however, the district court, on its own motion and on the motion of Hunt, held a hearing to determine whether there had been a settlement of claims between SEW and Hunt subsequent to the filing of the petition, and, if there had been, what action should be taken by the court. After hearing the testimony, the court found the following: (1) that SEW made an agreement of settlement with Hunt; (2) that SEW unilaterally backed out as to the performance and consummation of the settlement; (3) that, pursuant to the settlement agreement, Hunt transferred his two stores to SEW; (4) that, not acting in good faith, SEW accepted the benefits of the settlement without fulfilling its obligations under the agreement; (5) that SEW reached the settlement with Hunt without the involvement of the other four petitioning creditors; (6) that, considering the settlement negotiations and the actions of SEW, SEW is the only "true and valid" petitioning creditor; (7) that the four other petitioning creditors were joined merely to satisfy the requirement of section 59 of the Bankruptcy Act, 11 U.S.C. § 95, that there be three petitioning creditors in a situation such as this; and (8) that SEW committed acts violative of law and equity and does not have clean hands in this proceeding. On the basis of these findings, the court dismissed

the proceeding against Hunt and assessed against SEW all costs, including attorneys' fees. Notice of the dismissal to creditors other than the petitioning creditors was deemed unnecessary by the court.

In this Court, appellants set forth three basic contentions: (1) that the district court should not have dismissed the proceeding because the court erred in its finding that SEW is the only true and valid petitioning creditor and in its findings as to the circumstances surrounding the settlement agreement; (2) that the district court erred in dismissing the proceeding without giving prior notice to all creditors; and (3) that the district court erred in assessing against SEW all costs, including an award to Hunt's attorneys of attorneys' fees in the sum of $1,000. Finding no substance in these contentions, we affirm the district court's dismissal of this proceeding.

## I.

Appellants' first contention challenges the findings of fact of the district court as to the settlement agreement and the nature of the petitioning creditors other than SEW. In our posture as a reviewing court, we are restricted to the "clearly erroneous" standard of review with respect to these findings of fact. Fed.R.Civ.P. 52(a); e. g., McCarty v. Small Business Administration, 5 Cir., 1970, 420 F.2d 943; In re Pennyrich International, Inc. of Dallas, 5 Cir., 1973, 473 F.2d 417, 421 n. 4. The record contains ample evidence to support a conclusion that the challenged findings are not clearly erroneous. See, e. g., TMT Trailer Ferry, Inc. v. Kirkland, 5 Cir., 1972, 471 F.2d 10; Williams v. Wirt, 5 Cir., 1971, 441 F.2d 1150.

The petition filed herein contained allegations that SEW had a provable claim in the total sum of $16,847.42, and that the four other petitioning creditors were owed $95.60, $10.48, $75.71, and $200, respectively. At the district court hear-

ing, three attorneys appeared for the alleged bankrupt, Hunt. Appearing jointly on behalf of the petitioning creditors were the attorney of record for all five petitioning creditors together with the attorney for SEW, who was also an officer and a director of the company. Two of Hunt's attorneys and the attorney for SEW testified at the hearing concerning, for the most part, the events surrounding the settlement agreement and, to some extent, the role of the petitioning creditors other than SEW. These witnesses testified that SEW, through its corporate officers negotiated with Hunt and his attorneys in an effort to reach a settlement. It is evident that agreement was reached as to a settlement and that only the dismissal by SEW of the pending bankruptcy proceedings and the transfer of closing papers and a certain amount of cash remained before the settlement was final. Hunt had carried out his obligations under the agreement, and SEW had benefited by his actions; yet, SEW, without notice to Hunt, declined to fulfill its responsibilities in the execution of the settlement agreement. The testimony further shows that throughout the settlement negotiations no consideration was given to the petitioning creditors other than SEW. In fact, the settlement agreement, though it involved the transfer of the material part of the alleged bankrupt's estate, made no specific mention of the petitioning creditors other than SEW.

The inferences are fairly drawn from the evidence presented at the hearing that the petitioning creditors other than SEW were not "true and valid" and that SEW was not before the court in good faith. Consequently, dismissal of the involuntary petition was well within the discretion of the court below. *See, e. g.,* 1 H. Remington, Bankruptcy Law § 379 (5th ed. J. Henderson 1950, Supp.1973); Stern v. Barnett, 7 Cir., 1971, 452 F.2d 211, 212–213; In re St. Lawrence Condensed Milk Corporation, 2 Cir., 1925, 9 F.2d 896.

## II.

Appellants' second contention, that it was error for the district court to dismiss the involuntary proceeding without prior notice to all creditors, is based on section 59(g) of the Bankruptcy Act, 11 U.S.C. § 95(g), which provides that a petition in bankruptcy, whether voluntary or involuntary, shall not be dismissed by consent or for lack of prosecution without notice to all creditors.[1]

It is clear from the statute and from the case law that not all dismissals require prior notice to creditors. *E. g.,* Wynne v. Rochelle, 5 Cir., 1967, 385 F.2d 789, 794; 1 Collier Bankruptcy Manual ¶ 59.15, at 608 (1973). The well-settled rule is that notice to all creditors is not required if application to the court for dismissal comes up controversially. *E. g.,* 1 H. Remington, supra, § 381, at 547. More specifically, notice is not necessary where the question of dismissal has been submitted to the court for consideration and the involuntary petition is dismissed on the merits after a hearing. *E. g.,* 3 Collier on Bankruptcy ¶ 59.34, at 658

---

1. The section provides in full:

"A voluntary or involuntary petition shall not be dismissed upon the application of the petitioner or petitioners, or for want of prosecution, or by consent of parties, until after notice to the creditors as provided in section 94 of this title, and to that end the court shall, upon entertaining an application for dismissal, require the bankrupt to file a list, under oath, of all his creditors, with their addresses, shall cause such notice to be sent to the creditors of the pendency of such application

and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest an opportunity to be heard. If the bankrupt shall fail to file such list within the time fixed by the court, such list may be filed by the petitioning creditors according to the best of their knowledge, information, and belief: *Provided, however,* That in the case of a dismissal for failure to pay the costs of the bankruptcy proceedings, such notice of dismissal shall not be required."

886

(14th ed. 1974); Wynne v. Rochelle, supra, at 794–795.[2]

Based on its findings that SEW was the only bona fide petitioning creditor and that SEW should not be permitted to pursue the bankruptcy proceeding because it had reneged on the settlement agreement, the court below concluded "[t]hat the proceeding should be dismissed on the merits due to the disqualification of the petitioners . . . ." Having given the petitioning creditors a hearing, the court found that they could not sustain their petition. See, e. g., Wynne v. Rochelle, supra, at 795; In re Chalfen, D.Mass., 1915, 223 F. 379; 3 Collier on Bankruptcy ¶ 59.34 (14th ed. 1974). The district court was, therefore, correct that notice to the nonpetitioning creditors was unnecessary. The court's result, furthermore, was in accord with the purpose for which section 59(g) was designed: "to prevent the petitioning creditors from making a settlement with the bankrupt and then have the petition dismissed to the prejudice of creditors who, in reliance upon the pending proceeding, did not file a petition of their own." 3 Collier on Bankruptcy ¶ 59.34, at 655 (14th ed. 1974). The involuntary petition against Hunt was dismissed because of SEW's conduct in failing to complete its part of the settlement agreement and because the petitioning creditors other than SEW were not bona fide. Dismissal occurred not on the consent of the petitioning creditors and the bankrupt, but over vigorous opposition. See, e. g., In re St. Lawrence Condensed Milk Corporation, 2 Cir., 1925, 9 F.2d 896, 899.

### III.

In light of its findings that SEW had committed acts that violated the rules of law and equity, the district court taxed all costs against SEW, including $1,000 for attorneys' fees. Considering the particular facts and circumstances of this case, this assessment of costs, including attorneys' fees, was within the district court's general equitable powers. See, e. g., Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); In re Swartz, 7 Cir., 1942, 130 F.2d 229; Fine v. Weinberg, 4 Cir., 1967, 384 F.2d 471, 473; In re Swofford, D.Minn., 1952, 112 F.Supp. 893. See also In re Hogsett, S. D.Cal., 1940, 1 F.R.D. 284. It is ordered, furthermore, that an additional $750 be assessed against SEW for the benefit of Hunt's attorneys as attorneys' fees for the briefing, preparation, and argument of this appeal.

---

We have considered all of appellants' arguments and find them to be without merit. The judgment of the district court is affirmed, and attorneys' fees are awarded in accordance with this opinion.

Affirmed.

GODBOLD, Circuit Judge (dissenting):

The purpose of § 59(g) of the Bankruptcy Act is to protect other creditors who in reliance on the pending proceeding did not file a petition of their own, against the petitioning creditors making a settlement with the bankrupt and having the petition dismissed. 3 Collier on Bankruptcy ¶ 59.34. In this case a hearing was convened without notice to other creditors to determine whether there had been a settlement between the principal creditor and the bankrupt and, if so, what action the court should take. The court concluded there had been a settlement agreement from which the principal creditor had backed out, and that the other three petitioning creditors were not "true and valid" creditors, and then as a penalty against the principal creditor it dismissed the proceeding without notice to other creditors. It seems to me peculiar that a statute which protects other creditors from a consummated settlement and a resulting

2. For a discussion of other instances in which section 59(g) has been held inapplicable, see 3 Collier on Bankruptcy ¶ 59.34, at 658–660 (14th ed. 1974).

dismissal would not protect them from an abortive settlement and a court-ordered dismissal imposed as a penalty against the petitioning creditor considered responsible. The interest of other creditors who may have withheld filing petitions because of the pendency of a viable proceeding is the same in both instances.