**UNITED STATES of America**
v.
**Larry L. WINTER.**
**Civ. A. No. 70–702.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Nov. 25, 1970.

Gerald J. Gallinghouse, U. S. Atty., Don Michael Richard, Asst. U. S. Atty., New Orleans, La., for the United States.

Charles H. Ryan, Boles & Ryan, New Orleans, La., for defendant.

HEEBE, District Judge:

On March 10, 1960, John and Loretta Smith executed an instrument payable to Mid Continent Investment Corporation to secure a loan necessary for the purchase of a home. Mid Continent subsequently endorsed the instrument without recourse to the order of The Greenwich Savings Bank in New York City. Upon application by Smith, the Veterans Administration, pursuant to 38 U.S.C. § 1803, guaranteed part of this loan.

Thereafter, Smith sold the property to defendant Larry Winter who assumed payment of this instrument. Winter, in turn, sold the property on February 20, 1963, to George Wintzel who also assumed payment of the original instrument.

On August 1, 1963, Wintzel defaulted on the payments due Greenwich. Pursuant to 38 U.S.C. § 1816, on October 27, 1964, the United States, as guarantor, paid Greenwich the outstanding loan balance of $1,803.84, and acquired, by subrogation, Greenwich's rights against the various assumptors of the instrument.[1] Amicable demand failing, the United States on March 23, 1970, instituted this suit to recover the $1,803.-84.

Both parties having agreed to the above facts, this matter is now before this Court on cross motions for summary judgment. The issue presented is whether the government is barred from pursuing this claim by Louisiana's Statute of Limitations, La.Civil Code art. 3540, which requires actions on a debt to be brought within five years of the date the debt was due.

Basic contract law places a subrogee in the shoes of the subrogor when he sues on the underlying debt. He cannot acquire by subrogation greater rights against the debtor than the subrogor possessed. 4 Corbin on Contracts § 791 (1951). Therefore, defendant argues, since the subrogor, Greenwich, would be barred by Louisiana's Statute of Limitations from bringing this suit, (five years having passed), the government, standing in Greenwich's shoes, is likewise barred.

Defendant's contentions must fall under the heavy weight of United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). There, The Federal Housing Administration acquired by assignment certain claims against the estate Summerlin administered. Summerlin argued that these derivative claims were barred by Florida's Statute of Limitations. Recognizing the considerations which traditionally have freed the United States from the operation of state statutes of limitations, Mr. Chief Justice Hughes concluded that "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Accord,* Weis-

---

1. The United States originally sought to recover their money under the indemnification agreement signed by Smith at the time of the government's guarantee. Upon learning that Winter had not assumed the indemnification obligation, the government, with defendant's consent, amended their pleadings to permit recovery by subrogation.

singer v. United States, 423 F.2d 782 (5th Cir. 1968); United States v. Taylor, 333 F.2d 633 (5th Cir. 1964); United States v. Stadium Apartments, Inc., 425 F.2d 358 (9th Cir. 1970); United States v. Jacobs, 155 F.Supp. 182 (D.N.J.1957); Cf., United States v. John Hancock Mutual Life Insurance Co., 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960). Moreover, the courts have consistently applied this principle regardless of whether the government's role is characterized as "governmental" or as "proprietary." Weissinger v. United States, *supra*. The rule of law we discern from these cases is that where the government acquires a derivative claim, whether by assignment, subrogation or by other means, and that claim is not then barred by the state statute of limitations, the state statute of limitations ceases to run against the government at the time of such acquisition.

■ Here, the government acquired Greenwich's claim on October 27, 1964, before the five-year period had run against the bank. Hence, the operation of the state statute was suspended, and it cannot now bar the government's claim. If the government is subject to any statute of limitations, it would be the six-year period provided by Congress in 28 U.S.C. § 2415.[2] Defendant admits the six-year period has not yet run.[3]

Defendant has relied primarily on United States v. Bureau of Revenue of State of New Mexico, 217 F.Supp. 849 (D.N.M.1963) in which the court held that the United States, as subrogee, could not recover certain tax refunds originally due the subrogors because the subrogors' right to recovery was barred and the government simply stood in their shoes. Though that case is easily distinguished on its facts, its reasoning is not inapposite here. As the court pointed out at 217 F.Supp. 852, the United States, as subrogee, "took nothing by subrogation except the right which the [subrogors'] had. (Citations omitted.) At the time [of subrogation] * * * the Companies did not have the right to challenge the tax and assert a right of refund * * *." Here, Greenwich had not lost its claim against defendant at the time of subrogation.

Therefore, it is the order of the Court that plaintiff's motion for summary judgment be, and the same is hereby, granted and

It is further ordered that defendant's motion for summary judgment be, and the same is hereby, denied.

---

2.  28 U.S.C. § 2415(a) provides for a six-year limitation period for "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract." We need not decide here whether an action to recover a debt as a subrogee is such a contract action or some other action for which there is no limitation period for even if the restrictive six-year period applies, it does not bar this action.

3.  28 U.S.C. § 2415(g) provides that "[a]ny right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act." Thus, the six-year period for this action, should it apply, commenced on July 18, 1966, the date of enactment of the statute.