**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dunham R. SELLERS and Jackie Sakiko**
**Deki Sellers, Defendants-**
**Appellants.**

**No. 73-2942**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1973.

Rehearing Denied Jan. 2, 1974.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Jeffrey H. Hubbard, Houston, Tex., for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Charles Wolfe, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

In this suit on a promissory note, the makers of which are the appellants Dunham and Jackie Sellers, the district court granted the government's motion for summary judgment. The parties stipulated to the facts: The appellants executed a promissory note in the face amount of $30,000, which was delivered by them to the First National Bank of Baytown on June 25, 1965. The note was guaranteed by the Small Business Administration. Appellants defaulted on payments under the note beginning with the payment due June 25, 1966, and on September 13, 1966, the note was assigned in accordance with the guaranty agreement to the S.B.A., which then made payment to the bank of $13,563.97, or 50% of the unpaid balance of the note. Shortly before this assignment, appellant Dunham Sellers filed for a petition in bankruptcy, which was subsequently denied. In re Sellers, 295 F. Supp. 1354 (S.D.Tex.1968), aff'd, 5th Cir. 1969, 407 F.2d 402.

The government filed suit on April 4, 1972, seeking recovery of the full amount of the note less payments and offsets already received. Two questions of law were presented to the court below: (1) whether the United States is barred from asserting against the appellants that portion of its claim which it will ultimately repay to the bank under their guaranty agreement and the certificate of interest, since the state statute of limitations had run with respect to claims by the First National Bank of Baytown prior to the filing of this suit, although subsequent to the note's assignment to the S.B.A., and (2) whether formal presentment to and written demand upon the maker of the note is a necessary predicate to recovery by the United States.

Not satisfied with the outcome below, appellants now present those same questions to us, hoping for a different answer. For them, however, there can be no different answer, and we affirm.

*The Statute of Limitations*

Where the government acquires a derivative claim, whether by assignment, subrogation, or by other means, and that claim is not then barred by the state statute of limitations, the state statute ceases to run against the government at the time of such acquisition. Weissinger v. United States, 5th Cir. 1968, 423 F.2d 782, 784; United States v. Winter, 319 F.Supp. 520, 522 (E.D.La.1970); United States v. Sum-

merlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); United States v. Taylor, 5th Cir. 1964, 333 F.2d 633, 640. Here the government acquired the bank's claim well within the state statute of limitations.

■ Appellants' contention that the government is merely a nominal party to the suit, since the bank still has claim to 50% of the proceeds, is without merit. Under Texas case law, the Texas Uniform Negotiable Instruments Law in effect at the execution of the note and at the time of default, and the Texas Business and Commerce Code adopted in 1967, the fact that the government did not own the entire equitable interest in the note did not prevent the government from maintaining suit on the note as its legal owner and holder. Neyland v. Lanier, 273 S.W. 1022, 1023 (Tex.Civ. App.—Waco 1925, writ dism'd); Tex. Vernon's Rev.Civ.Stat.Ann. art. 5935, § 51; Tex.Bus. & Comm. Code Ann. §§ 3.-301, 3.603 (Tex. UCC1968), V.T.C.A.; City State Bank v. National Bank of Commerce, 261 S.W.2d 749 (Tex.Civ. App.—Forth Worth 1953, writ ref'd n. r. e.).

If the government is subject to any statute of limitations, it would be the six year period provided by Congress in 28 U.S.C. § 2415.[1] And it is clear that the six year period had not run at the time this suit was brought. Thus we reject appellants' first contention.

*Formal Presentment and Demand*

■ Appellants contend in abbreviated fashion that the United States may not recover on the note without first having made formal presentment to and written demand upon the maker. But even the cases which appellants cite in support of their contention hold that presentment and demand for payment are not ordinarily necessary to charge the maker or acceptor of a negotiable instrument. Dickson v. Dickson, 324 S. W.2d 422, 423 (Tex.Civ.App.—Houston 1959, no writ). Appellants appear to be relying on the exception recognized in Texas law "where the note is not payable at a specific place and the holder undertakes to declare the whole amount due on the maker's failure to pay any installment." Dickson v. Dickson, supra; Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614 (1948). But the predicate for their reliance is missing since the note specifically provided in its very first sentence that it was payable "at its [First National Bank of Baytown's] banking house in the city of Baytown, State of Texas . . ."

We also note that the Texas exception to the general rule has been invoked only where the holder attempted to accelerate an installment note prior to the time final payment was due. *See* Credit Exchange of Dallas, Inc. v. Bell, 427 S.W. 2d 674, 675 (Tex.Civ.App.—Dallas 1968, no writ); Graham & Locke Investments v. Madison, 295 S.W.2d 234, 241–242 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.). No question of acceleration is present here since this suit was brought after all installments were due. Moreover, appellants admit that by the express terms of the note, they waived

---

1. Title 28 U.S.C. § 2415 provides in part:

(a) . . . every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . .

  *   *   *   *   *

(g) Any right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act.

We need not decide here whether this action by the government as guarantor to recover a debt is a 28 U.S.C. § 2415 contract action or some other action for which there is no limitation period, for even if the six year period applies, it does not bar this action.

This cause of action actually accrued on June 25, 1966, but the date of enactment of the above section was July 18, 1966. Thus the United States' complaint of April 4, 1972 was filed within the period of the federal statute of limitations in any case.

presentment and demand before acceleration in the event that a maker filed a petition in bankruptcy. *See* Whalen v. Etheridge, 428 S.W.2d 824, 827 (Tex. Civ.App.—San Antonio 1968, writ ref'd n. r. e.). It is undisputed that co-maker Dunham Sellers filed just such a petition in August 1966. Thus even if the proper foundation existed to warrant application of the exception to the general rule, the express terms of the note would command us to reject appellants' second contention.

In short, our answer is the same as that of the district court. The government was entitled to summary judgment.

Affirmed.