**GREAT LAKES STEEL, DIVISION OF NATIONAL STEEL CORPORATION, Plaintiff-Appellant,**

**v.**

**Nicki A. DEGGENDORF, et al., Defendants-Appellees.**

No. 82–1173.

United States Court of Appeals, Sixth Circuit.

Argued May 5, 1983.

Decided Sept. 9, 1983.

D. James Barton, Grosse Ile, Mich., Richard R. Riese (argued), Thorp, Reed & Armstrong, Pittsburgh, Pa., for plaintiff-appellant.

Allyn Ravitz, Matthew Posner (argued), Detroit, Mich., for defendants-appellees.

* The Honorable Odell Horton, Judge of the United States District Court for the Western District of Tennessee, sitting by designation.

Before KEITH and KRUPANSKY, Circuit Judges, and HORTON, District Judge *

.

HORTON, District Judge.

Two issues are presented in this appeal for resolution, (1) whether the district court correctly interpreted the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.,* when it ruled that the appellant acting in its capacity as employer administering an employee health benefit program does not have standing to invoke the jurisdiction of the district court, and (2) whether the district court properly exercised its judicial discretion when it ruled that where the roles of employer and fiduciary are inseparable, the court could, in the exercise of its discretion, dismiss the employer's complaint based upon its asserted status of fiduciary. We hold the district court was correct in ruling that an employer *qua* employer administering an employee health benefit program does not have standing to invoke the court's jurisdiction under ERISA. We affirm that part of the district court's ruling. However, we hold that the district court's discretionary ruling dismissing the employer's suit brought in its fiduciary capacity was erroneous. The order dismissing the complaint for that reason is reversed.

Great Lakes Steel Division, National Steel Corporation, (GLS) appeals from a judgment of the district court dismissing its lawsuit which sought a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201:

(1) that section 514 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.,* superseded Michigan State Fair Employment Practices Act of 1955, as amended, Mich. Pub.Act 251, Mich.Comp.Laws § 423.301, *et seq.,* Mich.Stat.Ann. § 17.458, et seq.; and the Elliot-Larsen Act of 1976, Mich. Pub.Act 453, as amended May 22, 1978, Mich.Pub.Act 153, Mich.Comp.Laws

§ 37.2101, *et seq.,* Mich.Stat.Ann. § 3.548, *et seq.,*[1] and

(2) that an injunction be issued against the appellees enjoining them from proceeding with claims filed in the state court seeking changes in pregnancy disability benefits prior to April 19, 1979,[2] based upon provisions of Michigan's civil rights laws.

The facts prompting this legal proceeding arose when the appellees, Deggendorf and four other female employees of GLS, filed a lawsuit on May 7, 1979, against GLS in the Circuit Court of Wayne County, Michigan. That lawsuit charged that GLS, in the administration of an insurance agreement, maintained a pattern and practice of discrimination on the basis of sex in all matters related to pregnancy, thereby violating Michigan's Fair Employment Practices Act and the Elliot-Larsen Civil Rights Act. The basis for the sex discrimination charge was that GLS provided its employees only six weeks of disability due to pregnancy while providing fifty-two weeks of benefits to otherwise disabled employees.

Section 2.3 of the Program of Insurance Benefits provided disability coverage due to pregnancy as follows:

> The maximum period for which benefits will be paid to you, if you are a female employee, for disability due to pregnancy or resulting child-birth or to complications in connection therewith is six weeks, provided that no benefits will be payable for a pregnancy existing when you become insured.

The position of GLS in the district court was premised upon two theories:

(1) The program of Insurance Benefits was established and maintained by it as a single employer and it is thus the plan sponsor within the meaning of ERISA, § 102(16)(B), 29 U.S.C. § 1002(16)(B), and

(2) GLS is named in the plan as administrator of the insurance program and is therefore a fiduciary within the meaning of ERISA, § 102(16)(A) and (21)(A), 29 U.S.C. § 1002(16)(A).

On this rationale, GLS invoked its status as a fiduciary of its benefit plan under 29 U.S.C. § 1002(21) to create standing under 29 U.S.C. § 1132(a)(3) and thus the right to proceed with this action under the provisions of ERISA in the district court.

The district court dismissed GLS's complaint for declaratory and injunctive relief for two reasons. First, the court reasoned that appellees' state court lawsuit was against GLS as an employer, not a fiduciary, and ERISA expressly denies employers *qua* employers standing to seek the remedies provided at 29 U.S.C. § 1132(a)(3). The court reasoned:

> Section 1132(e)(1) does not confer jurisdiction over an action brought by an employer, and section 1132(a)(3) does not confer standing to an employer to seek the remedies provided by that provision.

Thus the court ruled that subject matter jurisdiction was lacking over the claims brought by the employer *qua* employer.

Second, the court, exercising judicial discretion, dismissed GLS's complaint relating to the fiduciary issue. In support of its position the court stated:

> At oral argument Great Lakes contended that it would be difficult if not impossible, to so divide the role of fiduciary from that of employer; that the roles are inseparable. Granting the relief sought against the federal defendants only insofar as their state suit would impact upon Great Lakes as a fiduciary would therefore raise issues in state court which would confuse, not clarify.

Therefore, based upon this reasoning, the court dismissed the lawsuit by the "employer *qua* fiduciary, where, as here, the role of fiduciary is conclusionally stated and inseparable from the employer's role *qua* employer."

---

**1.** Pre-emption is discussed in a recent decision of the Supreme Court. *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

**2.** GLS amended the plan to comply with Section 701(k) of P.L. 95–555, 42 U.S.C. § 2000e(k). The plan was amended on April 29, 1979.

29 U.S.C. § 1132(a) delineates those individuals or entities who may bring a civil action under the act:

> (a) A civil action may be brought
>
> (1) by a participant or beneficiary—
>
> .    .    .    .    .
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(e)(1) provides which courts have jurisdiction of civil actions brought under the Act:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive jurisdiction* of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section (emphasis added).

*United States Steel Corporation v. Commonwealth of Pennsylvania Human Relations Commission,* 669 F.2d 124 (3d Cir. 1982), addressed the precise issue before this Court, that is, whether a company which is both the employer and fiduciary of an employee disability plan may bring a civil action under 29 U.S.C. § 1132.

United States Steel Corporation claimed that it was a fiduciary of the plan as well as the employer and therefore had standing to sue under 29 U.S.C. § 1132(a). The court held that Congress did not intend to prevent an employer from assuming the role of a fiduciary as defined at 29 U.S.C. § 1002(21)(A). The court's holding was based on the following rationale:

> ERISA is a major and very elaborate legislative enterprise intended to secure employee entitlements of immense economic value. We think that, if Congress had intended to debar an "employer" from assuming the powers—and, more important, the manifold burdens and potential liabilities—of a "fiduciary" with respect to an employee benefit plan, that intention would have been explicitly and unambiguously embodied in the statute. ERISA nowhere so declares. To the contrary, to the extent that the statute speaks to the matter at all, it contemplates that there will be situations in which an "employer" will elect to serve as a "fiduciary" for its employee benefit plan. Telling evidence to this effect is to be found in the very next paragraph of ERISA following the definition of "fiduciary": that next paragraph excludes from fiduciary status an investment company, or the investment adviser or principal underwriter thereof, where assets of an employee benefit plan are invested in securities of such investment company, if the investment company is registered under the Investment Company Act of 1940; but the exemption from fiduciary status is limited by a significant proviso—namely, that it does not apply "insofar as such investment company or its investment adviser or principal underwriter acts in connection with an employee benefit plan covering employees of the investment company, the investment adviser, or its principal underwriter."

*United States Steel* at 127.

Specifically, the court held that "United States Steel has standing to sue under 29 U.S.C. § 1132(a)(3) as a 'fiduciary,' notwithstanding that it is also an 'employer.'" *Id.* at 128.

■ For the reasons stated in *United States Steel,* this court concludes that the district court erred when it dismissed the claim of GLS for lack of subject matter jurisdiction. In the complaint filed with the district court GLS sufficiently alleged its role as a fiduciary of the company disability benefit plan. A motion to dismiss

based on either lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. Similarly, the Court must accept as true all the well-pled allegations in the complaint under attack. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976).

██ The district court indicated in its order that GLS occupied two roles, that of employer and fiduciary. ERISA clearly indicates that a federal district court has exclusive jurisdiction of civil actions brought under 29 U.S.C. § 1132(a)(3) by the Secretary or by a participant, beneficiary or fiduciary. 29 U.S.C. § 1132(e). Inseparability of appellant's role as employer and fiduciary does not destroy subject matter jurisdiction of a suit brought by GLS in its fiduciary capacity under 29 U.S.C. § 1132(a)(3).

Appellees raise the argument that even if the district court has jurisdiction of the action, the district court should abstain from exercising that jurisdiction. However, ERISA at 29 U.S.C. § 1132(e)(1) "confers exclusive jurisdiction in federal district courts for actions brought by a participant, beneficiary or fiduciary 'to enjoin any act or practice which violates any provision of [the subchapter entitled 'Protection of Employee Benefit Rights'] or the terms of the plan.' 29 U.S.C. § 1332(a)." ERISA may therefore preclude dismissal of such actions on any abstention theory. *General Motors Corporation v. Buha,* 623 F.2d 455, 459 (6th Cir.1980).

The judgment of the district court that 29 U.S.C. § 1132(e)(1) does not confer jurisdiction over an action brought by an employer as employer administering an employee health benefit program and that 29 U.S.C. § 1132(a) confers no standing to an employer as employer administering an employee health benefit plan seeking the remedies provided by that subsection is Affirmed. However, the judgment of the district court dismissing the complaint of GLS in its capacity as fiduciary is Reversed and Remanded.