**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**MARCO DISCOUNT HOUSE, INC. and Hugo Quintero, Defendants.**

**Civ. No. 80–0457CC.**

United States District Court, D. Puerto Rico.

Dec. 9, 1983.

Patrick Duffy O'Neill, Hato Rey, P.R., for plaintiff.

Joaquín Peña-Peña, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action to collect monies owed plaintiff Federal Deposit Insurance Corporation by defendants Hugo Quintero and Marco Discount House, Inc. The latter, duly served with summons and copy of the complaint, failed to answer and its default was entered on June 4, 1981. On August 12, 1983 plaintiff requested judgment against this defendant. On September 20, 1983 plaintiff and codefendant Quintero filed a Stipulation of Facts and Points of Law for submission of the case on the merits. Based on the stipulation and the documentary evidence on record, the Court makes the following:

## FINDINGS OF FACT

1. On December 19, 1973 codefendant Quintero and others executed an agreement in favor of Banco Crédito y Ahorro Ponceño (Banco Crédito) wherein they jointly guaranteed all past, present and future obligations of defendant Marco Discount House, Inc. up to a maximum of $25,000, plus interests, costs and attorneys' fees.

2. On September 14, 1974 Marco Discount House, Inc., for value received, signed and delivered to Banco Crédito a promissory note in the amount of $25,000 with interest at the rate of 14% annually. This obligation became due and collectible on December 14, 1974.

3. On December 16, 1974 Marco Discount House, Inc. filed for an arrangement under Chapter XI of the former Bankruptcy Act. Its petition was consolidated by the Bankruptcy Court with other petitions filed by businesses having common stockholders.

4. On April 8, 1975 the debtors in the consolidated petitions filed a proposed Plan of Arrangement. Clause "d" of said plan states: "The liability of any debtor as a co-debtor with or guarantor of or in any manner a surety for any other debtor or debtors shall be canceled by the acceptance of this plan of arrangement."

5. The Plan of Arrangement, as proposed by the debtors, was accepted by a majority of the creditors and an Order of Confirmation and Discharge was issued on October 3, 1975. There is some evidence in the record that indicates that Marco Discount House, Inc. defaulted its obligations under the plan of arrangement, specifically that which required the debtor to pay priority obligations in full before paying unsecured creditors.

6. On March 31, 1978 the Secretary of the Treasury of Puerto Rico ordered the Banco Crédito closed as insolvent, took possession of its assets and affairs and appointed plaintiff as receiver of the insolvent bank. Plaintiff accepted the appointment and on that date, pursuant to 12 U.S.C. Sec. 1823(e), acting in its corporate capacity purchased from itself certain assets of the bank among which was defendants' indebtedness.

As of October 31, 1983 defendant Marco Discount House, Inc. owed plaintiff $25,000 of the principal amount of $26,031.22. Interest continues to accrue at the daily rate of $9.57.

In accordance with these Findings of Fact, the Court sets forth the following:

## CONCLUSIONS OF LAW

Defendant Hugo Quintero alleges that he was released from his obligation by virtue of the Plan of Arrangement proposed by Marco Discount House, Inc. and confirmed by the Bankruptcy Court or that, if not so, this action is barred by the three year period of limitations established in Article 946 of the Commerce Code of Puerto Rico, 10 LPRA Section 1908, for filing actions which arise from commercial promissory notes. Plaintiff's position is that defendant Quintero was not released by the Plan of Arrangement, that the applicable statute of limitations is not that which defendant claims to be, that the applicable period of limitations had not expired at the time the complaint was filed and that, if the Court should decide that the statute of limitations for actions arising from commercial notes

is to be applied in this case, said statute of limitations was tolled. In the alternative, should the Court find that the Plan of Arrangement released defendant Quintero from his obligation as guarantor of Marco Discount's debts, plaintiff contends that the Plan of Arrangement was rescinded on account of debtor's noncompliance and the guarantor's obligation was reinstated.

■ At the outset it should be made clear that the Plan of Arrangement filed by Marco Discount House, Inc. and confirmed by the Bankruptcy Court did not have the effect of releasing Mr. Quintero from his obligation as guarantor of Marco Discount's indebtedness. Paragraph "d" of the plan of arrangement refers to the liability of any of the debtors appearing therein as codebtor with or guarantor or surety for any other debtor or debtors and not to that of any of their guarantors with respect to their creditors. Clearly, if Marco Discount was guarantor for any of the other debtors proposing the plan of arrangement, their creditors had a claim against Marco Discount which would be discharged pursuant to clause (d) of the confirmed plan. This did not affect, however, the creditors' rights against other guarantors who were not debtors under the Plan of Arrangement. Defendant Quintero is simply outside its scope.

Furthermore, pursuant to section 16 of the former Bankruptcy Act, 11 U.S.C. Sec. 34, applicable to Chapter XI proceedings in bankruptcy,[1] the discharge of a debtor does not alter the liability of a person who is a co-debtor with or guarantor or in any manner a surety for said debtor.

■ As to whether this action is barred by the three year period established in Article 946 of the Commerce Code of Puerto Rico, 10 LPRA 1908, for actions arising from commercial notes, it is impossible from the record to determine whether the obligation guaranteed by defendant Quintero was in fact a commercial obligation. It is not sufficient that one of the requirements of Article 229 of the Commerce Code of Puerto Rico, 10 LPRA Sec. 1651, is found to be present in the obligation in question. See *Luengo v. Fernández*, 83 DPR 636, 639 (1961); *Blondet v. Garáu*, 47 DPR 863 (1935). However, even assuming that the three year period of limitation were applicable to this case, it was suspended as to Marco Discount House, Inc. while the bankruptcy proceeding was pending and until it was finally dismissed. See Section 391 of the Bankruptcy Act of 1898, 11 U.S.C. Sec. 791 (repealed). See also Article 941 of the Commerce Code of Puerto Rico, 10 LPRA Sec. 1903, to the same effect. Interruption of the period of limitations against the principal debtor by suit for debt shall also lie against his surety. See Article 1875 of the Civil Code of Puerto Rico, 1930 ed., 31 LPRA Sec. 5305; see also Article 1874 of the Civil Code, 31 LPRA Sec. 5304. Even if the Bankruptcy Court's order confirming the Plan of Arrangement were deemed to be the final decree to which section 372 of the former act refers, 11 U.S.C. Sec. 772,[2] the three year period would not have expired when plaintiff acquired the assets of Banco Crédito on March 31, 1978. On that date, the statute of limitations again ceased to run against plaintiff, a federal agency. See *Federal Deposit Insurance Corp. v. Bird*, 516 F.Supp. 647, 649 (D.P.R.1981); *United States v. Sellers*, 487 F.2d 1268, 1269–70 (5th Cir.1973); *United States v. Winter*, 319 F.Supp. 520, 522 (E.D.La. 1970). From that moment the federal statute of limitations, 28 U.S.C. Sec. 2415, was applicable. This action was filed before the six-year period of limitations established in 28 U.S.C. Sec. 2415(a) had expired, and is, therefore, not barred by the applicable statute of limitations.

For the reasons stated, the Court holds that defendants Marco Discount House, Inc. and Hugo Quintero are jointly indebted to and shall pay plaintiff the sums of $25,-000 of principal and $26,031.22 of interest

---

1. Section 302 of the former Bankruptcy Act, 11 U.S.C. Sec. 702 (repealed title).

2. See Collier on Bankruptcy, 14th Ed., Sections 9.34 and 12.01.

as of October 31, 1983, plus interest thereon at the rate of $9.57.

SO ORDERED.