The FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Knox Federal Savings & Loan Association, Plaintiff,

v.

J. Garrett BURDETTE, Clayton Christenberry, Jr., Alex Curtis, Estate of Howell C. Curtis, Steve Curtis, William H. Curtis, Michael M. Downing, John J. Duncan, John J. Duncan, Jr., Joe S. Duncan, Ralph H. Newman, Jr., William Regas, C.A. Ridge, Richard G. Rutherford, Burton B. Simcox, and Estate of David M. Stair, Defendants.

The FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Knox Federal Savings & Loan Association, Plaintiff,

v.

The AETNA CASUALTY & SURETY CO., a Connecticut Corporation, Defendant,

v.

J. Garrett BURDETTE, et al., Third–Party Defendants.

Civ. A. Nos. 3–87–809, 3–88–132.

United States District Court, E.D. Tennessee, N.D.

Oct. 3, 1988.

---

See also 696 F.Supp. 1183, 696 F.Supp. 1190.

Ronald C. Koksal, Butler Vines Babb & Threadgill, J. Michael Winchester, Lacy & Winchester, P.C., David L. Buuck, Michael M. Downing, Clairborne Davis Buuck & Hurley, Charles A. Wagner, III, Wagner Myers & Sanger, P.C., R. Franklin Norton, Norton & Luhn, P.C., Randall E. Nichols, Harwell & Nichols, Richard L. Hollow, McCampbell & Young, Steven Oberman, Daniel & Oberman, Johnathan H. Burnett, Hodges Doughty & Carson, Lewis S. Howard, Jr., Howard & Ridge, Bernard E. Bernstein, Bernstein Susano & Stair, Charles W.B. Fels, Archie R. Carpenter, Carpenter & O'Connor, Knoxville, Tenn., for defendants and third-party defendants.

Elizabeth S. Tonkin, Walt Dyer & James, Knoxville, Tenn., John L. Conlon, Hopkins & Sutter, Chicago, Ill., for plaintiff.

Arnold Tackett, Chattanooga, Tenn., for third-party defendants.

William B. Luther, Luther Anderson Clearly Ruth & Speed, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

These matters come before the court on two related motions to dismiss, or in the alternative summary judgment, one filed in each of these cases. The first, filed by then third-party defendant C.A. Ridge, Jr., and joined by most of his fellow third-party defendants, seeks the dismissal of the third-party complaint by Aetna in Case No. 3-88-132. The second, also filed by Ridge, but this time as a defendant, seeks the dismissal of the complaint by the FSLIC in Case No. 3-87-809. The court having heard oral argument in Knoxville, Tennessee, on July 18, 1988, and the parties having fully briefed the issues, these motions are now ready for disposition.[1]

The central question at issue in both motions is whether the FSLIC is barred by the statute of limitations from bringing suit against former officers and directors of Knox Federal Savings & Loan Association (Knox) for alleged breaches of fiduciary duties.[2] Knowledge of the history leading up to the filing of these actions by the FSLIC is essential to a disposition of these matters. The events described below are not in dispute by any party.

On May 1, 1982, the blanket bond issued by Aetna covering Knox went into effect. On May 13, 1983, the last of the loans or loan participations alleged by the FSLIC to have been unsafe or unsound occurred, the first occurring in December of 1981. On June 10, 1983, Knox and the Federal Home Loan Bank Board (FHLBB) entered into a supervisory agreement based on a FHLBB finding that Knox had allegedly violated certain regulations and/or engaged in unsafe/unsound banking practices. The agreement provided that the FHLBB would not initiate enforcement measures against Knox in return for Knox making certain operational changes. However, due to potential Knox losses of $20 million, a consent resolution was entered into by Knox and the FHLBB on August 19, 1983. Pursuant to this resolution, the FHLBB/FSLIC took over effective control of Knox, and became authorized to appoint a receiver/conservator if it saw fit. One of

---

1. The Ridge motion in 3-88-132 was filed first, and was fully briefed prior to oral argument. The motion in 3-87-809 was not fully briefed prior to oral argument, as on July 15, 1988, the court granted the FSLIC's request that it have until August 11, 1988, to respond to the Ridge motion. The motion in 3-88-132 raised several issues, one of which was identical to the single issue in the 3-87-809 motion and as a result, the parties requested that the court defer ruling on this single common issue until all the briefs were in on the 3-87-809 motion. The court granted this request in an order dated July 28, 1988, which resolved the remainder of the 3-88-132 motion.

In the court's order of July 28, 1988, the court granted in part and denied in part the motion to dismiss the Aetna third-party complaint. Pursuant to this order, and the subsequent amendment of the Aetna third-party complaint, only eight of the original third-party defendants are still named in the Aetna third-party action: Arnold Tackett, John J. Duncan, Jr., Alex Curtis, Estate of Howell C. Curtis, Joe S. Duncan, J. Garrett Burdette, Michael Downing, and Ralph Newman. While Ridge is no longer a third-party defendant in 3-88-132, the arguments he

made in his motion were adopted by other third-party defendants who are still involved in that litigation, therefore his arguments are still before the court. For the purposes of discussion only, all arguments made by the moving party in both motions will be referred to as "Ridge argues."

2. Both Ridge and Aetna agree that Aetna's third-party claim is time-barred in 3-88-132 only if the FSLIC's complaint against the same former officers and directors of Knox in 3-87-809 is time-barred. This is because Aetna's action against third-party defendants is based on its status as subrogee of the FSLIC to the extent it makes payment to the FSLIC under the Knox bond, *Miller v. Russell,* 674 S.W.2d 290, 291 (Tenn.App.1983), and under applicable subrogation principles a subrogee is subject to all defenses that could be asserted against the subrogor. *Royal Indemnity Co. v. Federal Reserve Bank of Cleveland,* 38 F.Supp. 621, 623 (S.D. Ohio 1939), aff'd, 119 F.2d 778 (6th Cir.1941). *See also United States v. Winter,* 319 F.Supp. 520, 521 (E.D.La.1970); 4 Corbin on Contracts § 791 (1951). Therefore, the focus of analysis under both motions is the same: did the FSLIC timely file its complaint in 3-87-809?

the first actions that resulted from this resolution was that Arnold Tackett was replaced as president and CEO of Knox by Richard B. Alexander, an individual selected by the FHLBB/FSLIC.

On December 22, 1983, Alexander notified Aetna that Knox had discovered losses caused by the alleged fraudulent conduct of former Knox officers and directors, and that such losses were covered under the Aetna bond. On January 3, 1984, Alexander wrote to the FHLBB, naming former Knox officials which Knox intended to sue for alleged breaches of fiduciary duties. Several days later the FHLBB wrote back, suggesting that these actions should not be filed at that time. The lawsuits were not filed, and on November 16, 1984, Knox was declared insolvent and the FSLIC was appointed receiver. On November 13, 1987, Case No. 3–87–809 was filed, and on February 24, 1988, Case No. 3–88–132 was filed by the FSLIC. The former action alleges that certain former Knox officials breached their fiduciary duties to Knox, and the later action seeks recovery from Aetna under the blanket bond due to some of these same alleged breaches of fiduciary duties.

*Discussion*

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all allegations in the pleading in question are assumed to be true, and all reasonable inferences are to be drawn in favor of the non-movant. *Westlake v. Lucas*, 537 F.2d 857, 858–59 (6th Cir.1976); *Great Lakes Steel, Division of National Steel Corp. v. Deggendorf,* 716 F.2d 1101, 1104–1105 (6th Cir.1983). Taking all well-pled allegations as true, a motion to dismiss will be granted only if the non-movant will be unable to recover on its claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

Summary judgment under Fed.R.Civ.P. 56 is appropriate when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. In such a case there is no genuine issue for trial. *Matushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, all inferences drawn from the facts must be viewed in a light most favorable to the non-moving party. *Matsushita, supra,* 475 U.S. at 587, 106 S.Ct. at 1356. However, a movant need not negate every aspect of the non-movant's claim, it need only support its claim that there is no genuine issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Ridge argues that the applicable Tennessee statute of limitations period is the three-year statute covering injuries to real or personal property. He contends that this period began to run no later than December 22, 1983, when Knox notified Aetna of the loss to Knox due to alleged breaches of fiduciary duties, and that actually this period began to run sooner, probably August of 1983 when the consent resolution was entered into. Ridge concludes that using either date, the FSLIC action was filed longer than three years after the statute began to run, therefore the FSLIC action is time-barred. Aetna and the FSLIC assert that the six-year statute for contract actions is the appropriate statute to apply as actions for breaches of fiduciary duties are quasi-contractual in nature, and that since six years had not passed since the statute began to run, the FSLIC action is not barred. The FSLIC additionally argues that in the alternative, the state statute of limitations ran only until the FSLIC was appointed receiver of Knox, and at that point the federal limitations period began to run, and that federal limitations period had not expired when the FSLIC filed suit.

Thus, an initial determination must be made as to which limitations period is applicable. The FSLIC is a federal agency, 12 U.S.C. § 1730(k)(1)(A); *FLSIC v. Williams,* 599 F.Supp. 1184, 1192 (D.Md.1984), and as such the federal limitations period would be applicable to any action brought by it. 28 U.S.C. § 2415(a) provides that in actions

brought by the United States or an agency of the United States founded upon any implied or express contract, a six-year limitations period applies, and 28 U.S.C. § 2415(b) provides a three-year period for tort actions. However, because some time passed between the point the cause of action by Knox accrued and the FSLIC acquired the right to assert this claim, the Tennessee statute of limitations is not wholly irrelevant to an analysis of these motions.

▮ Consequently, a two-stage analysis is necessary to resolve the issue before the court: first, did the state statute of limitations expire prior to the time the FSLIC acquired the Knox claim, and second, if the statute had not expired, did the federal limitations period expire prior to the point the FSLIC filed the actions at issue. *FDIC v. Hinkson*, 848 F.2d 432, 434 (3d Cir.1988); *FDIC v. Bird*, 516 F.Supp. 647, 650 (D.P.R. 1981); *FSLIC v. Williams, supra,* 1192; *FDIC v. Hudson*, 673 F.Supp. 1039, 1041–1043 (D.Kan.1987). Once the FSLIC acquired the Knox claim against the former officers and directors when it was appointed receiver of Knox, the state statute of limitations no longer applied. From that point forward, the federal limitations period controls and the state statute neither lengthens nor shortens the period provided for in the applicable federal statute:

> Section 2415(a) means what it says—a contract suit by the government must be filed within six years of accrual. Congress's intent to establish a uniform time limitation and to encourage the expeditious disposition of government litigation would be frustrated if the period could be lengthened in some instances by state law. Although state law may treat a non-federal government plaintiff more favorably in such circumstances, this disparity does not justify bypassing the congressional policy that favors the government's initiation of suits within six years.

Simply stated, Congress has chosen six years, and we are not persuaded that state law should supplant that decision. *FDIC v. Hinkson, supra,* 434. *See also United States v. Sellers*, 487 F.2d 1268, 1269–1270 (5th Cir.1973); *FDIC v. Bird, supra,* 649–650.

**I. Expiration of Tennessee Limitations period prior to FSLIC acquiring claim**

▮ The resolution of this first stage of analysis requires a determination of the applicable Tennessee limitations period, when the Knox claim at issue first accrued, and when the FSLIC acquired the instant claim. Both Ridge and the FSLIC seem to agree that the Knox claim accrued when the August 1983 consent resolution was entered. This is consistent with applicable law, as until that point the very same officers and directors who are defendants and third-party defendants in these cases controlled Knox, and it is well-established that claims for breaches of fiduciary duties do not accrue until after those parties who will be named defendants no longer control the corporation. *FSLIC v. Williams, supra,* 1193; *FDIC v. Berry*, 659 F.Supp. 1475, 1486 (E.D.Tenn.1987); *FDIC v. Butcher*, 660 F.Supp. 1274, 1283 (E.D.Tenn. 1987). It is also not in dispute that the FSLIC was appointed receiver of Knox in November of 1984, and that is the point at which the FSLIC acquired the Knox cause of action.

▮ The relevant dates having been established, the only remaining question is what Tennessee limitations period should be applied in this case? Ridge argues that the three-year limitation period for "[a]ctions for injuries to personal or real property" applies. Tenn.Code Ann. § 28-3-105. The FLSIC and Aetna contend that the six-year limitation period for "[a]ctions on contracts not otherwise provided for" applies.[3] Tenn.Code Ann.

---

**3.** Tenn.Code Ann. § 48–18–601 provides:

Any action alleging breach of fiduciary duties by directors or officers, including alleged violations of the standards established in §§ 48–18–302 or 48–18–403, must be brought within one (1) year from the date of such breach or

violation; provided, however, that in the event the alleged breach or violation is not discovered nor reasonably should have been discovered within the one (1) year period, the period of limitation shall be one (1) year from the date such was discovered or reasonably

§ 28–3–109(a)(3). In light of the fact that only fifteen months expired between the time the cause of action accrued and the FSLIC acquired the right to assert this cause, either limitation period suggested by the parties will result in the conclusion that the Tennessee statute of limitations had not expired when the FSLIC acquired the Knox claim by virtue of its receivership. However, the court believes the six-year contractual limitation period is the applicable period of limitation, as under Tennessee law an action for breach of fiduciary duties is quasi-contractual in nature:

> The relation of a director to a corporation implies a contract that he will use ordinary diligence in the discharge of the duties he undertakes by accepting the office. For a breach of this duty an action lies, which is barred unless begun within six years from the time right of action accrued. There has been no fraudulent concealment of the cause of action by defendants, and the remedy of the corporation for any negligence in the matter of the loans to Hampton, or Hampton & Carloss, is barred.

*Wallace v. Lincoln Savings Bank,* 89 Tenn. 630, 650–651, 15 S.W. 448 (1891). *See also Robertson v. Davis,* 169 Tenn. 659, 90 S.W.2d 746, 751 (1936); *Vance v. Schulder,* 547 S.W.2d 927, 931 (Tenn. 1977).[4] Thus, the Tennessee limitations period did not expire prior to the FSLIC acquiring the Knox claim against its former officials.

**II. Expiration of federal limitations period**

■ The resolution of the second stage in the analysis also requires a determination as to what the applicable federal limitations period is, when the cause accrued for the purposes of the federal limitations period, and when the action in question was filed. As to the final question, the FSLIC filed 3–87–809 on November 13, 1987.[5]

■ In determining which federal limitations period applies, it is necessary to determine whether the breach of fiduciary duty claims at issue sound in tort (three years) or contract (six years). While no courts have specifically addressed this question in the instant context, one court did conclude that breach of fiduciary duty claims were covered by the six-year limitations period of 28 U.S.C. § 2415(a), as they were really actions for a breach of an implied contract. *United States v. Douglas,* 626 F.Supp. 621, 623 (E.D.Va.1985) (dealing with fiduciary

---

should have been discovered. In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after the alleged breach or violation is, or should have been, discovered.

This provision would clearly control if it were not for the fact that it became effective January 1, 1988, after the FSLIC filed its complaint in 3–87–809, and there is no provision for the retroactive application of this statute.

4. Ridge argues that *Wallace* is dated and no longer good law. *Williams v. Thompson,* 223 Tenn. 170, 443 S.W.2d 447, 449–450 (1969); *Vance v. Schulder, supra,* 931. Ridge concludes that the gravamen of the FSLIC complaint sounds in tort, and that the FSLIC should not be able to rely on old case law to turn such a tort claim into a contract claim. This argument is not persuasive, as no Tennessee case that the court can find has ever overruled or even questioned *Wallace,* and one of Ridge's main cases in this area, *Vance v. Schulder,* held that "actions based on such fiduciary breaches ... would be quasi-contractual in nature and thus the six-year statute would be applicable" (deal-

ing with alleged breaches of fiduciary duties by corporate officials, and citing *Wallace).*

5. Ridge argues that the federal statute and the cases applying it do not apply here, as past cases involve a situation where, for example, a bank fails, the FDIC is appointed as receiver, then the FDIC as receiver assigns all bank causes of action to the FDIC in its corporate capacity. Ridge argues that in those cases the claims by FDIC/Corporate are truly claims by a federal agency, while here the FSLIC as receiver is merely asserting Knox claims that it acquired from Knox, therefore these are really not claims by a federal agency. The court fails to see how an additional assignment from one federal agency to another would make an arguably non-federal agency claim any different than it was before the agency-to-agency assignment, and Ridge provides no law in support of this contention. Indeed, the law is clear that *no matter how* a government agency acquires a derivative claim, be it by assignment, subrogation, or other means, if the federal agency is bringing the claim, the federal statute and accompanying analysis process applies. *United States v. Sellers, supra,* 1269.

duties government employees owe the government). This approach is sound and is in accord with the Tennessee approach to fiduciary duty claims discussed above. Consequently, the FSLIC had six years from the date its cause accrued in which to file suit against Ridge and the other former Knox officers and directors.

■ The final question is when did FSLIC action accrue for the purposes of 28 U.S.C. § 2415(a)? The cases interpreting this statute have split as to when an agency's cause of action accrues in circumstances like this case. One line of cases hold that the cause accrues when the claim first becomes actionable, regardless of whether the government had acquired the right to bring that action at that time. *United States v. Cardinal*, 452 F.Supp. 542, 546–547 (D.Vt.1978); *United States v. Skidmore, Owings & Merrill*, 505 F.Supp. 1101, 1104, n. 2 (S.D.N.Y.1981); *FDIC v. Petersen*, 565 F.Supp. 1007, 1010 (D.Col.1983), *aff'd*, 770 F.2d 141 (9th Cir.1985). Under this view, the action would accrue August 19, 1983, when the consent resolution was entered. The other line of cases hold that the claim does not accrue under 28 U.S.C. § 2415 until the federal entity in question acquires the claim, usually being the date of assignment or receivership. *FDIC v. Hinkson, supra*, 435; *United States v. Kendrick*, 554 F.Supp. 121, 122 (E.D.Ark. 1982); *FDIC v. Hudson, supra*, 1041. *See also FDIC v. Cardona*, 723 F.2d 132, 134 (1st Cir.1983); *FDIC v. Barrera*, 595 F.Supp. 894, 898 (D.PR 1984). These cases conclude that if the federal statute provides the government with six years, it should be able to have that entire six years, and in this case would result in an accrual date of November 16, 1984.

Regardless of which accrual date is selected, the six-year limitation period did not expire prior to the FSLIC filing of the complaint in No. 3–87–809. Even if the earlier accrual date is selected, the limitation period expires August 19, 1989, a date which has not even passed at this time.

However, the reasoning in *Hinkson* and the other related cases is sound, as the FSLIC does not have legal authority to bring a suit on behalf of a bank until it is appointed receiver of that bank, *FDIC v. Hudson, supra*, 1041. It makes no sense to start the federal limitation period prior to the earliest possible time the FSLIC could bring suit:

> *Cardona* demonstrates the error in *Cardinal* and *Peterson* of fixing the accrual date for purposes of section 2415 earlier than the date on which the federal government acquires the cause of action. Congress wished the government to move promptly to initiate suit and set six years as the appropriate time for doing so. That limitation, however, does not mandate that a federal agency be precluded from suing in less than six years on an assigned claim.
>
> We realize that in some instances starting accrual on the date the government acquires the cause of action will prolong a defendant's exposure to suit. Drawing the line there may deprive the defendant of the benefit of a shorter state statute of limitations; nevertheless, that circumstance represents an improvement over conditions before enactment of section 2415, when the federal government was bound neither by a state nor a federal statute.

*FDIC v. Hinkson, supra*, 435. Consequently, the court holds that for the purposes of 28 U.S.C. § 2415(a), the FSLIC claim accrued on the date it was appointed receiver for Knox which was on November 16, 1984.[6] Since this means that the applicable limitations period does not expire until November of 1990, the FSLIC claims are clearly not barred by the federal limitations period.

*Conclusion*

■ The FSLIC acquired the Knox cause of action against its former officers and directors prior to the expiration of the applicable Tennessee limitation period, and the FSLIC filed this cause of action prior to

---

6. The court notes that with an accrual date of November 16, 1984, even if the three-year limitation period for tort claims is applied to the FSLIC complaint, it was still timely filed three days before the expiration of this three-year period.

the expiration of the federal limitation period. As a result, its complaint No. 3–87–809 is not time-barred. Accordingly, the Ridge motion in No. 3–88–132 in this respect is denied, and the Ridge motion in No. 3–87–809 is also denied.

So ordered.