**626**

## FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

## James W. BROWN, Defendant.

### Civ. No. NC89–0030G.

United States District Court,
D. Utah, N.D.

Aug. 31, 1989.

Eric P. Lee and Craig G. Adamson, Dart, Adamson & Casting, Salt Lake City, Utah, for defendant.

Stanford B. Owen and Jathan W. Janove, Fabian & Clendenin, Salt Lake City, Utah, for plaintiff.

### ORDER

J. THOMAS GREENE, District Judge.

Defendant's Motion for Summary Judgment and plaintiff's Motion for Partial Summary Judgment came on regularly before the court for hearing on August 21, 1989. Plaintiff was represented by Stanford B. Owen and Jathan W. Janove. Defendant was represented by Craig G. Adamson and Eric P. Lee. The court had received extensive memorandums of law and affidavits, and the matter was extensively argued, after which the motions were taken under advisement. The court now enters its Order on the motions.

The issue presented has to do with the date the statute of limitations begins to run relative to actions the FDIC may have acquired against former officers and directors of a failed financial institution taken over by the FDIC. In this case the Family Bank was closed on March 28, 1986. On that date the Commissioner of Financial Institutions for Utah declared the bank to be insolvent and the FDIC was appointed as receiver. In its capacity as receiver, the FDIC transferred to the FDIC in its corporate capacity as insurer assets of the bank including whatever claims the bank had against its former directors and officers. Weeks prior to March 28, 1986, factual information which had come to the attention of defendant Brown was supplied to FDIC examiners concerning embezzlements and wrongdoing by former officers of Family Bank. On March 27, 1989, the last day within the three year period since the bank closing, the FDIC filed the instant action.

The FDIC is constituted in a dual capacity as two separate and distinct legal entities in contemplation of law. See *Strata–Tek, et al. v. The Federal Deposit Insurance Corporation*, No. 86–C–0120G, Slip op. pages 7–9 January 31, 1989. This action is brought by the FDIC in its corporate capacity, in which capacity it acquired assets and claims of the failed institution on the date Family Bank closed, March 28, 1986. No applicable state statute of limitations had run when the claim against defendant Brown was so transferred.

This court holds that the federal statute of limitations, 28 U.S.C. § 2415(b), for the cause of action founded upon tort, began to run against the FDIC in its corporate capacity on March 28, 1986, when that agency acquired the claim upon which this action is based. See *FDIC v. Hinkson*, 848 F.2d 432, 435 (3rd Cir.1988); *FDIC v. Carl-*

*son,* 698 F.Supp. 178, 180 (D.Minn.1988); *FSLIC v. Burdette,* 696 F.Supp. 1196, 1202 (E.D.Tenn.1988); *FDIC v. Hudson,* 673 F.Supp. 1039, 1043 (D.Kan.1987); *FDIC v. Butcher,* 660 F.Supp. 1274, 1283 (E.D.Tenn. 1987); *FDIC v. Berry,* 659 F.Supp. 1475, 1486 (E.D.Tenn.1987); *FDIC v. Dempster,* 637 F.Supp. 362, 368 (E.D.Tenn.1986); *FDIC v. Buttram,* 590 F.Supp. 251, 255 (N.D.Ala.1984); *FDIC v. Robertson, slip op.,* # 87–2623–S, 1989 WL 94833 (D.Kan. July 24, 1989); *FDIC v. Manatt,* 723 F.Supp. 99 (E.D.Ark.1989).

Various theories of recovery were asserted by the FDIC in its complaint, some of which arguably would be governed by statutes of limitations longer than three years in duration. Since it is here determined that the action was brought within three years after the statute of limitations began to run, other limitation periods and theories applicable thereto need not be discussed.

Based upon the foregoing, defendant's Motion for Summary Judgment is denied and plaintiff's Motion for Partial Summary Judgment is granted.

IT IS SO ORDERED.